**Order filed August 6, 2015**



In The

# Court of Appeals
### For The
# First District of Texas

———————

**NO. 01-14-00707-CV**

**MARINECORP INTERNATIONAL, LTD., Appellant**

**V.**

**THE CHOPPER GROUP, LLC AND OUTLAW COUNTRY, LLC, Appellees**

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case   2012-23983**

## ORDER

The reporter's record in this case was originally due September 29, 2014. *See* TEX. R. APP. P. 35.1. On October 8, 2014, we ordered the court reporter to file the record by November 7, 2014. Nevertheless, on October 9, 2014, the reporter filed a motion for an extension of time, notifying this Court that she could file the record by October 30, 2014 and requesting that we "grant an extension until that time for filing the record." We granted the October 9, 2014 motion on October 10, 2014.

On November 13, 2014, the court reporter filed a second motion requesting an extension of time, in which she represented that the record could be filed by December 19, 2014. We granted the motion on November 17, 2014, extending the deadline for filing the reporter's record to December 19, 2014.

On January 5, 2015, the court reporter filed a third motion for extension of time, requesting an additional extension of time until February 5, 2015—129 days after the original deadline and 189 days after the trial court signed the judgment.

On January 27, 2015, we denied the motion and ordered the court reporters to file the record by no later than February 17, 2015, and we instructed the court reporters that we would order the trial court to conduct a hearing to determine the reason for their failure to file the record if the record was not filed by the deadline.

The court reporters, Michelle Tucker and LaVearn Ivey, filed the reporter's record on March 25, 2015, and March 29, 2015.

On May 4, 2015, however, appellant filed an "Unopposed Motion to Compel," arguing that the reporter's record is incomplete and seeking an order requiring "the court reporter to supplement the record to include" the missing portions. On May 7, 2015, we granted appellant's motion and ordered the court reporters to file, by May 21, 2015, either an amended reporter's record containing any missing portions of the reporter's record or a certification affirming that no additional proceedings exist.

Court reporter LaVearn Ivey informed the Court, on June 29, 2015, that she filed the only volume for which she was responsible on March 29, 2015. Court reporter Michelle Tucker failed to respond.

The complete record has not been filed with the court. The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* TEX. R. APP. P. 35.3(c). Because Michelle Tucker has not filed either an amended reporter's record or a certification affirming that no record of any additional proceedings exists as ordered, we issue the following order.

We direct the judge of the 80th District Court to conduct a hearing at which court reporter Michelle Tucker, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for Michelle Tucker's failure to file either an amended reporter's record containing the missing portions of the record or a certification affirming that no record of any additional proceedings exists; (b) to establish a date certain when the completed reporter's record or a certification that the record is complete will be filed, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file either an amended reporter's record or a certification as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial court clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. If the court reporter files an amended record containing the missing portions of the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.

PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Massengale